<table>
<tr><td colspan="2" align="center"><strong>DISTRICT COURT OF THE VIRGIN ISLANDS</strong><br><br><strong>DIVISION OF ST. CROIX</strong></td></tr>
</table>

| | |
|---|---|
| **JULIE BEBERMAN,** | |
| **Plaintiff,** | **1:25-cv-00041-RAM-EAH** |
| **v.** | |
| **SECRETARY OF STATE MARCO RUBIO,** | |
| **Defendant.** | |
| _____ | |

**TO:**    **Julie Beberman, Esq.**
            **Peter James Lynch, Esq.**
            **Adam Francis Sleeper, Esq., U.S. Attorney**

<u>**ORDER TRANSFERRING VENUE**</u>

**THIS MATTER** comes before the Court following the issuance of an Order by Chief Judge Robert A. Molloy on April 1, 2026, referring all future dispositive motions in this case to the undersigned for a Report & Recommendation, and referring all pending and future non-dispositive pre-trial matters to the undersigned for final disposition. Dkt. No. 12. On May 22, 2026, the Defendant, Secretary of State Marco Rubio, filed a Motion to Transfer pursuant to 28 U.S.C. § 1404, seeking to transfer this action to the District of Columbia. Dkt. No. 16. Plaintiff Julie Beberman filed an Opposition, Dkt. No. 20, and Defendant filed a Reply, Dkt. No. 23. For the reasons that follow, the Court grants the Motion and directs that this case be transferred to the District Court for the District of Columbia. The Court will also deny without prejudice the Secretary's Motion for Extension, Dkt. No. 17.

<strong>BACKGROUND</strong>

**A.  The Amended Petition for Review**

On December 15, 2025, Plaintiff filed an Amended Petition for Review in this Court (the "Petition") against Secretary Rubio in his official capacity in which she seeks judicial

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 2

review of "Orders and a Decision of the Foreign Service Grievance Board [hereinafter "the Board" or "the FSGB"] in FSGB No. 2015-035, FSGB No. 2014-045, and FSGB No. 2015-046, all of which the Board combined under FSGB No. 2015-035." Dkt. No. 3 ¶ 1. The Petition sets out nineteen Orders and one Decision being appealed, in whole or in part, spanning from September 2016 to September 2025. *Id*. ¶ 2(a)-(t), raising claims under the Foreign Service Act of 1980, 22 U.S.C. § 3901 *et seq*., and stating that the Board's Orders and Decisions are reviewable under 22 U.S.C. § 4140. The Petition describes Plaintiff as a Foreign Service Officer career candidate who retired voluntarily from the Foreign Service in October 2019. *Id*. ¶¶ 3, 5, 6. The Petition further alleges that Ms. Beberman filed three grievances against the Department of State (the "Department") which were denied, after which she filed three appeals that the Board combined. The Board issued the Orders and the Decision identified in paragraph 2. *Id*. ¶¶ 3, 11, 12. In November 2022, she petitioned for judicial review in the District Court for the District of Columbia. In a May 2025 Order, that court remanded one issue to the FSGB, stated that the Order was final and appealable, and directed the Clerk of Court to close the case. *Id*. ¶¶ 15, 16 (citing *Beberman v. Rubio*, 22-cv-3434 (TJK), 2025 WL 1369306 (D.D.C. May 12, 2025) ("*Beberman DC*")). Ms. Beberman appealed the D.C. Court's decision, except for the remanded issue, to the D.C. Circuit Court of Appeals. *Id.* ¶ 17. The FSGB denied the remanded issue on the merits and upheld its previous Interim Decisions and Decision in their entirety. *Id*. ¶ 20 (citing FSGB No. 2015-035 at 25 (Sept. 30, 2025)).

In seeking review of the twenty Orders and Board Decisions listed in Paragraph 2, in whole or in part, the Petition sets forth numerous grounds on which the FSGB allegedly acted

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 3

arbitrarily and capriciously when it adjudicated the issues (citing facts from as far back as 2012). *Id.* ¶¶ 21-57. She asks this Court, inter alia, to reverse, vacate, or remand with directions to modify the Orders and Decisions issued in FSGB No. 2015-035; expunge her Employee Evaluation Report from July 26-November 7, 2012; reconsider her for tenure/promotion; and grant back pay, attorney's fees, and costs. *Id.* at pp. 17-18. She asserts that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1). *Id.* ¶ 9.

### B. The Motion to Transfer

The Secretary filed an initial Motion to Transfer and for Extension of Time on May 4, 2026. Dkt. No. 13. Ms. Beberman opposed it and, on May 21, 2026, the Court denied the motion without prejudice, noting that requests for two different types of relief should be set forth in separate motions. Dkt. No. 15. The Secretary thereafter filed the instant Motion to Transfer on May 22, 2026. Dkt. No. 16. He asserts that this action is one of at least eighteen lawsuits that Ms. Beberman has filed with respect to her eight-year employment with the State Department; most of those lawsuits concerned her failure to obtain tenure as a Foreign Service Officer. Dkt. No. 16 at 1-2 (citing cases). While many of the cases brought before 2021 were in this Court, the key case with respect to the Motion to Transfer is *Beberman v. Rubio*, i.e., "*Beberman DC,*" in which Ms. Beberman challenged the Orders and Decisions made in FSGB cases 2015-035, 2015-45, and 2015-046. *Id.* On May 12, 2025, after extensive briefing (including a 90-page motion filed by Ms. Beberman), the court granted the Secretary summary judgment on all of the Foreign Service Act claims except a narrow issue regarding

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 4

the end of the rating period on one of Ms. Beberman's evaluations. That claim was remanded to the FSGB, which rejected it on September 30, 2025. *Id.* at 3.

The Secretary asserts that, rather than return to the District of Columbia where Ms. Beberman had litigated her dispute concerning the three grievances, she filed a new Petition in this Court in December 2025. *Id*. In the new Petition, she does not limit her dispute to judicial review of the issue that was remanded in *Beberman DC* and that the FSGB decided; rather, she purports to challenge a host of issues that were decided or could have been raised in *Beberman DC. Id.* at 3-4. The Secretary posits that because *Beberman DC* was resolved largely in his favor, the reason Ms. Beberman seeks to file the rest of that case in this Court is to avoid a judge that ruled against her and to attempt to obtain de novo consideration of issues already addressed. *Id.* He then addresses the private and public factors set out in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995), that courts assess in adjudicating motions for change of venue, and concludes that most of the factors favor transferring venue to the District of Columbia and some are neutral. *Id.* at 4-17.[1]

### C.  Ms. Beberman's Opposition

In Opposition, Ms. Beberman states that the criteria for transfer under 28 U.S.C. § 1404(a) are not met. Dkt. No. 20 at 1. She refers to a previous Government motion to transfer a case she filed in this Court in 2014 (*Beberman v. U.S. Department of State*, No. 14-cv-0020), that the Court denied, 2016 WL 3014665 (D.V.I. May 24, 2016) ("*Beberman DVI*"), concluding

---

[1] For the sake of conciseness, the Court will examine the factors and the parties' arguments in the Discussion section, rather than also setting forth the factors and arguments here.

that her choice of forum was legitimized by being domiciled in the Virgin Islands and other factors did not favor transfer or were neutral. *Id*. at 2.

In summarizing the procedural history in this case, Ms. Beberman agrees with the Secretary that this matter stems from the three grievances she filed in 2015 that culminated with the FSGB's September 22, 2022 final decision. *Id.* at 3. On November 4, 2022, Ms. Beberman—an attorney—filed a pro se petition for review of several orders and the final FSGB decision in the D.C. District Court (the *Beberman DC* case). That court entered "what it termed a final, appealable order" and directed the case be closed, although it remanded one issue to the FSGB. *Id*. Ms. Beberman appealed to the D.C. Circuit in July 2025. The Secretary moved to dismiss the appeal, arguing that the D.C. District Court's decision was not final. *Id*. In the meantime, the FSGB took up the remanded issue and issued its final decision on September 30, 2025, denying the issue on the merits. *Id.*

In December 2025, Ms. Beberman "petitioned for review of [that] final decision in this Court" and was able to obtain counsel to pursue the petition. *Id*. at 3-4. She points out that the Secretary moved in the D.C. District Court in February 2026 (after she had appealed) to certify the non-remanded portion of that court's decision as final pursuant to Fed. R. Civ. P. 54(b). She emphasizes that in his initial Motion to Transfer (in this Court), the Secretary failed to mention that he was seeking Rule 54(b) certification in the D.C. Court and only dropped a footnote about it in the instant motion. *Id.* She reiterates at length the points she made in opposition to the Rule 54(b) motion, including that the D.C. Court "has not entered an ultimate disposition of any individual claim for relief." *Id*. at 5-6. She charges the Secretary

with attempting to misuse that motion by having the D.C. Court's "non-final ruling determined final, to bind this [V.I.] Court." *Id.* at 6. She filed her Petition in this Court not to avoid the D.C. Court's nonfinal rulings but because it was her home forum and she was able to obtain counsel that she lacked in the D.C. Court. *Id.* at 6-7. Ms. Beberman then applies the transfer of venue factors, which will be addressed below.

### D. The Secretary's Reply

In his Reply, the Secretary observes that Ms. Beberman's opposition is premised on the idea that this is a brand new case—a "new" petition—and the Court should defer to her choice of forum as a V.I. resident as it would for any run-of-the-mill new case. Dkt. No. 23 at 1. But in fact this case is the return of *Beberman DC* after three years of litigation and a minor remand. She could have brought *Beberman DC* in the Virgin Islands due to her residency in the V.I. or desire to retain V.I. counsel, but she brought it in D.C. where she litigated it extensively. She lost on nearly every issue as detailed in a 40-page summary judgment ruling and a small part of the case was remanded, making the district court's order nonfinal. After the agency addressed the remanded issue, Ms. Beberman brought suit in the DVI even though the issue was on remand from the D.C. Court. The only inference that can be drawn is that she seeks to avoid the summary judgment ruling in *Beberman DC* by forum shopping. *Id.* at 4-5. Separately, transfer would be appropriate because it would be inefficient for the parties and the judicial system to start over. The D.C. Court is familiar with the case and is best situated to determine the meaning of its prior ruling. *Id.* at 2-3. The Secretary then addresses arguments concerning the private and public prongs raised in the opposition. *Id.* at 9-18.

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 7

## DISCUSSION

### I.    Legal Standards

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [or]

in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." This provision makes clear that § 1404(a) "may

only be relied upon to transfer to another venue if the plaintiff had an unqualified right to

bring the claim in the transferee forum at the time of the commencement of the action."

*Xinuos, Inc. v. Int'l Bus. Machines Corp. & Red Hat*, No. 3:21-cv-0031, 2022 WL 16921760, at

*2 (D.V.I. Nov. 14, 2022) (citation modified); *see also Jumara*, 55 F.3d at 878 ("Section

1404(a) provides for the transfer of a case where both the original and the requested venue

are proper."). In *Jumara*, the Third Circuit identified the following private interests for

district courts to consider when assessing a motion to transfer:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.

*Id.* at 879 (citation modified). The public interests for district courts to consider include:

> [t]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citation modified). "Courts consider these factors to determine, on balance,

whether the litigation would 'more conveniently proceed and the interests of justice be

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 8

better served by transfer to a different forum.'" *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (quoting *Jumara*, 55 F.3d at 879); *see also Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue); *Xinuos,* 2022 WL 16921760, at *3 ("weighing these factors necessarily requires an individual, case-by-case consideration of convenience and fairness, and thus, the district court has broad discretion in deciding a motion for transfer of venue.") (citation modified). When deciding whether to transfer venue, the court must consider the "the three [factors] enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home." *McGraw-Hill*, 909 F.3d at 57. The movant bears the burden of persuasion. *Id.*

> A motion to transfer venue

> involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *Hadnot v. Welz*, No. 1:23-791, 2023 WL 8113267, at *2 (M.D. Pa. Nov. 22, 2023) (citing *Berg v. Aetna Freight Lines*, No. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008) (collecting cases)). "This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.'" *Berg*, at *1 (citing *Adams v. Key Tronic Corp.*, No. 94-535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases)). Therefore, the decision to transfer rests within the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *Franklin v. GMAC*, No. 13-0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013).

*Beemac Inc. v. Glass Am., LLC*, No. 23-cv-1329, 2024 WL 4367027, at *1 (W.D. Pa. Oct. 1, 2024).

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 9

## II.       Application

As an initial matter, the parties do not dispute that Ms. Beberman could have brought this case in both the District of Columbia and the District of the Virgin Islands district courts. Dkt. No. 16 at 6; Dkt. No. 20 at 8. *See* 28 U.S.C. § 1391(e)(1) (providing that civil actions against an officer or employee of the United States may 'be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides.'"). Their dispute rests on the *Jumara* public and private factors that they believe weigh in favor or against transfer of this case to the District Court for the District of Columbia.

### A. The Private Factors

#### 1. Plaintiff's Forum Preference

##### a.   The Parties' Arguments

The Secretary posits that the instant action is a "direct continuation of *Beberman DC*" and represents the culmination of that case. Following the D.C. Court's adjudication of the 2022 Petition, the remand to the FSGB and its resolution, the appeal to the D.C. Circuit Court and the dismissal of that appeal, the Secretary assumed Ms. Beberman would return to the D.C. District Court to finish *Beberman DC.* Instead, she brought suit in the DVI, "raising numerous claims already decided by the district court in *Beberman DC.*" Dkt. No. 16 at 6-8. He points out three things have changed since she filed *Beberman DC* in 2022: (1) the FSGB denied attorneys' fees; (2) the district court denied almost all of her meritless claims; and (3) the FSGB expressly ruled on the remaining claim identified by the D.C. district court. *Id.*

at 8-9. Ms. Beberman's desire to "avoid a judge well-steeped in the history of this litigation merely because she dislikes the judge's rulings is no basis for her to re-home the rump of this case." *Id.* at 9. The Secretary cites *Wheeling-Pittsburgh Steel Corp. v. EPA*, No. 98-cv-4654, 1999 WL 111459 (E.D. Pa. Mar. 3, 1999); *Catawba Riverkeeper Found. v. N.C. Dep't of Trans.*, No. 12-cv-0559, 2014 WL 7408645 (W.D.N.C. Dec. 31, 2014); and *Clean Air Carolina v. N.C. Dep't of Trans.*, No. 14-cv-0338, 2014 WL 6387656 (W.D.N.C. Nov. 14, 2014), that involved plaintiffs trying to re-home litigation after extensive work was done by the court the plaintiff first chose. Those second courts sent the cases back to their place of origin. *Id.* at 9-10. Given that context, the Secretary argues that courts look to "plaintiff's forum preference as manifested in the original choice," *id.* at 11, quoting *Jumara*, 55 F.3d at 879, and Ms. Beberman's original forum preference (regarding her challenges to the consolidated administrative grievances) was the D.C. Court. As a result, that factor should not weigh against transfer. *Id.* He cites cases that, inter alia, equate filing a subsequent action against the same parties and containing the same issues as a prior action with forum-shopping. *Id.*

In addressing the "Plaintiff's preference" prong, Ms. Beberman asserts that her "original choice" was to file this action in the DVI, and that choice is entitled to "substantial deference." Dkt. No. 20 at 10. She is domiciled in her chosen forum, where deference is at its zenith, and 28 U.S.C. § 1391(e)(1)(C) allows a plaintiff to sue a federal officer where the plaintiff resides. *Id.* at 11. "Most importantly," she chose this forum because it enabled her to obtain counsel: the only district court cases where she was able to do so was in the DVI. *Id.* She is not seeking to gain an improper tactical advantage from filing in the DVI because this

is a "new case": the D.C. District Court closed the prior case. In order to have the FSGB's decision reviewed, she had to file a new action and "there was nothing underhanded about filing in the Virgin Islands." *Id*.  Because the D.C. Court's order was nonfinal, its reasoning is no more or less binding on the D.C. Court than on this Court. *Id.* She then briefly attempts to distinguish the cases upon which the Secretary relies. *Id*. at 12-13.

In his Reply, the Secretary contends that Ms. Beberman's position that the instant case is "new" applies only in a strained sense; it is the return of *Beberman DC* after three years of litigation and a brief remand. Dkt. No. 23 at 1. Her argument on the Plaintiff's choice of forum prong is almost entirely premised on the general rule that a plaintiff's choice is entitled to deference, but she never owns up to the fact that her original choice of forum was in the D.C. Court. *Id.* at 9. The fact that the action had to be continued, if at all, by a follow-up complaint is a technicality that does not dislodge her original choice to proceed in the D.C. Court, and this Court should defer to that choice. *Id*. Moreover, where petitioners engage in forum shopping, courts give less deference to their choice of forum. Her assertions that she is not doing so are conclusory or pretextual. *Id*. at 10. She provides no reason why she could not have filed *Beberman DC* in the DVI originally and hired the same counsel—and the location of counsel is not a factor considered in a motion to transfer. *Id.*

### b. Analysis

Case law provides that a plaintiff's original choice of forum is typically accorded "paramount consideration." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara,* 55 F.3d at 879 (observing that plaintiff's choice of venue "should not be lightly

disturbed"). This default position of deference gives way in certain circumstances, such as when none of the operative facts underlying the claim occurred in the plaintiff's chosen forum, *see McMillan v. Weeks Marine, Inc.,* No. 02–6741, 2002 WL 32107617, at *1 (E.D. Pa. Dec. 2, 2002); when a party "appears to be forum shopping or seeking a safe haven from the lawful orders of another court,"15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3848—Standard in Considering Transfer (4th ed.) (citing cases); *Titlemax of Del. Inc. v. Spicher*, No. 24-cv-930, 2024 WL 5187651, at *3 (D. Del. Dec. 20, 2024); and/or where a related action is pending in another forum, *see QVC Inc. v. Patiomats.com,LLC,* No. 12-cv-3168, 2012 WL 3155471, at *4 (E.D. Pa. Aug. 3, 2012).

The Court begins with the issue of Ms. Beberman's "original choice" of forum in bringing this action. She asserts that her "original choice" was the DVI and spills much ink attempting to convince the Court that the DVI action is a "new" one and, as a result, her choice of the DVI forum should be accorded deference. That might have been a reasonable position if the instant Petition had been significantly different from her 2022 Petition, or if she had never filed the 2022 Petition. But that is not the case. When comparing the two petitions, the Court is struck by how much the instant Petition often repeats, verbatim, large swaths of procedural history and allegations from the *Beberman DC* Petition. The instant Petition challenges the same nineteen Orders and Decision listed in the *Beberman DC* Petition with some additions, such as a request for review of the FSGB September 30, 2025 decision following remand, Dkt. No. 1 ¶ 2(t)). She seeks the same relief in both Petitions. *Compare* Dkt. No. 1 in 22-cv-3434 (D.D.C.) at 8 with Dkt. No. 3 in 25-cv-41 (D.V.I.) at 17-18. Since the instant

Petition is so similar to the *Beberman DC* Petition, albeit updated, the "original choice" of forum where Ms. Beberman filed this action against the same Defendant, challenging many of the same orders, and seeking the same relief, was the D.C. Court—where she litigated from 2022 through 2025. No legal sleight of hand will magically alter this fact, which is a critical flaw in Ms. Beberman's position.

Ms. Beberman's argument that the Court should defer to her choice of the DVI suffers from additional deficiencies. By refiling what was essentially the *Beberman DC* petition in the DVI, Ms. Beberman seeks the proverbial second bite of the apple, a do-over to relitigate *all* of those issues adjudicated in the May 2025 Order (or that could have been litigated). Attempting to resurrect her case by filing in a new forum would also have the salutary consequence of avoiding the District Judge in *Beberman DC* who rejected all of her arguments (except on the remanded issue) and who, because of his familiarity with the case, would likely resolve the remaining issue in short order. This would likely be the end of litigation that has spanned over a decade and would represent the end of the line. But filing in the DVI would restart the case, providing more opportunities to relitigate and fine tune her extensive arguments in front of a new judge who might be persuaded.

This kind of maneuvering constitutes classic forum shopping. *See Black's Law Dictionary* (12th ed. 2024) (defining forum shopping as "the practice of choosing the most favorable jurisdiction or court in which a claim might be heard."); *see also TSMC Tech., Inc. v. Zond, LLC,* No. 14-cv-721, 2014 WL 7251188, at *10 (D. Del. Dec. 19, 2014), *R&R adopted*, 2015 WL 328334 (D. Del. Jan. 26, 2015) (describing forum shopping as "a situation in which

a party seeks to litigate in one district court, because it is 'shopping' for a favorable ruling and has indication that such a ruling would not be forthcoming in an alternative venue," and opining that "this type of judge- or court-shopping is to be discouraged in the federal court system.") (citation modified). Courts will deny motions to transfer where a party's choice of venue is based on gamesmanship because "§ 1404(a) should not create or multiply opportunities for forum shopping," *Tufano v. Google LLC*, No. 25-cv-1574, 2025 WL 3091513, at *4 (M.D. Pa. Nov. 4, 2025), *R&R adopted*, 2025 WL 3634345 (M.D. Pa. Dec. 15, 2025) (citation modified); *Wheeling-Pittsburgh Steel Corp. v. U.S. E.P.A.*, No. 98-cv-4654, 1999 WL 111459, at *5 (E.D. Pa. Mar. 3, 1999) ("[P]laintiff's decision to bring this suit in the Eastern District of Pennsylvania, after having brought and lost an earlier challenge . . . in the Northern District of West Virginia, bears the appearance of forum shopping.").

To parry the charge that she is blatantly forum shopping by filing in the DVI, Ms. Beberman relies on the fact that she is domiciled in the Virgin Islands and was able to obtain counsel there. In the Court's view, these rationales are mere fig leaves designed to provide a veneer of legitimacy to the manipulation of the legal system in which Ms. Beberman is engaged. The persuasiveness of the first rationale—that the Virgin Islands is where she is domiciled and is her home forum—is substantially undercut when the Court considers that she was domiciled in the Virgin Islands for the three years during which she initiated and litigated *Beberman DC*—essentially the same case—in the D.C. Court. The second reason— that she was able to procure counsel in the Virgin Islands—does not weigh against transfer. Ms. Beberman implies that she was able to obtain counsel only for a case filed in the DVI and

that if she litigated in the D.C. Court, she would be unable to procure counsel. However, she does not aver that she tried and failed to obtain counsel in the D.C. Court, and there could be a host of other reasons for the fact that Ms. Beberman, an attorney, appeared pro se in the D.C. Court. Moreover, the same local counsel litigating the instant case in the DVI also served as her counsel before the FSGB in Washington, D.C. when it addressed the remanded issue—indicating that the VI counsel has the ability to litigate outside of the DVI.

Ms. Beberman also rationalizes the switch of venues by arguing that there was no final decision on any of her claims for relief in the D.C. Court and therefore she was free to start anew. Dkt. No. 20 at 5. The Court will refrain from commenting on the legal merit of such a position, but finds it significant that Ms. Beberman forgoes explaining why she chose to start the *entire Beberman DC* case over again in the District of the Virgin Islands—not just the challenge to the December 2025 FSGB's decision—or why she could not have filed *Beberman DC* in this District and hired counsel in this venue over three years ago.

Further, as indicated above, "the plaintiff's preference is accorded relatively less weight when the plaintiff's preferred forum has little connection with the operative facts of the lawsuit." *Care One, LLC v. Nat'l Lab. Rels. Bd.*, 680 F. Supp. 3d 540, 545 (D.N.J. 2023) (citation modified). In this case, the events underlying the lawsuit—the 2012 negative employment evaluations—occurred in Caracas, Venezuela where Ms. Beberman was assigned as a non-tenured Foreign Service Officer. *Beberman DC*, 2025 WL 1369306, at *1-2. The Virgin Islands has no connection to those events.

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 16

Finally, where a related action is pending in another forum, the plaintiffs' choice is entitled to less deference. *Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 796 (E.D. Pa. 2017); *QVC,* 2012 WL 3155471, at *4; *see also Greenberg v. Johnson Controls, Inc.*, 790 F. Supp. 3d 431, 441 (E.D. Pa. 2025) ("The first-filed rule empowers district courts to either stay, dismiss, or transfer proceedings where the subject matter substantially overlaps with that of an earlier filed case in a different district. The rule creates a rebuttable presumption that the action filed earlier in time should go forward, and the action filed later in time should defer.") (citation modified). When Ms. Beberman filed her case in the DVI in December 2025, the appeal of the D.C. Court's decision was still pending in the D.C. Court of Appeals. Once that Court determined in February 2026 that it did not have jurisdiction over the appeal because the May 2025 Order was not final, then any semblance of legitimacy for filing a new case in the DVI—or certainly keeping it there—fell away, as it became clear that the May 2025 Order was not final due to the remanded issue. The case returned to the D.C. Court for final resolution. In fact, the District Judge in the D.C. Court issued an Order on July 8, 2026 staying that case pending the resolution of the Secretary's Motion to Transfer filed in this Court. Dkt. No. 63 in *Beberman v. Rubio*, No. 22-cv-3434 (D.D.C.). In that Order, the District Judge noted the "substantial overlap" between the D.D.C. and DVI cases and that his view on the resolution of the Secretary's pending Rule 54(b) motion may change depending on the outcome of the DVI transfer motion. *Id.* at 2. *See infra*, pp. 22-24, regarding similar considerations evaluated by a court in assessing the "practical considerations" public factor.

In sum, the procedural history, facts, and law in this case do not support the Court deferring to Ms. Beberman's choice of forum, particularly where Ms. Beberman's "original choice of forum" is the D.C. Court. This factor weighs extremely heavily in favor of transfer.

### 2. Defendant's Preference

The Secretary's view is that this case belongs in the D.C. Court, basically for the same reasons it argued against Plaintiff's choice of forum above. Dkt. No. 16 at 12-13. Ms. Beberman responds by quoting *Beberman DVI* where the Court ruled "when juxtaposed against a plaintiff's choice, a [d]efendant's preference is entitled to considerably less weight than [the] [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." Dkt. No. 20 at 13 (quoting *Beberman DVI*, 2016 WL 3014665, at *5). She accuses the Secretary of appearing to forum shop because he wants to keep the case in the D.C. Court where the rulings have largely favored his positions. *Id.* at 14. She also charges that the Secretary's failure to reveal the pendency of his Rule 54(b) motion in the D.C. Court in his initial Motion to Transfer in this Court shows a lack of candor—also a consideration when assessing whether a party is forum shopping. *Id.*

For all of the reasons set forth above, this factor favors transfer. The Court rejects Ms. Beberman's arguments that the Secretary's failure to mention the Rule 54(b) motion in his initial Motion to Transfer (that was quickly denied and is not before the Court) constitutes a lack of candor and that he is the one who is forum shopping. These meritless arguments seek to point fingers and divert attention from *Plaintiff's* blatant forum shopping, discussed above.

Further, the Court's assessment of this factor in *Beberman DVI* in 2016 is inapposite, given Ms. Beberman's decade of litigation since then.

### 3.  Where the Claim Arose

The Secretary cites case law holding that a plaintiff's choice of forum is not accorded the traditional level of deference if the claim did not arise in that forum. Dkt. No. 16 at 13. Many of the claims arose in Venezuela, and Ms. Beberman's requests for interim relief occurred when she was working in Washington, D.C. *Id.* The remainder of her dispute is with the FSGB, located in Arlington, Virginia. *Id.* Ms. Beberman acknowledges that the claims arose in Venezuela, and again quotes *Beberman DVI,* opining that "[g]iven that the claims arose neither in the Virgin Islands nor the District of Columbia, this factor is neutral." Dkt. No. 20 at 15. She counters the Secretary's argument that because her case "gathered steam" while she worked in the District of Columbia, that favored transfer, and asserts that the FSGB's office location has no relevance to where her claim arose. *Id*.

The parties agree, as they must, that the claims arose in Venezuela, which has no connection to either the D.C. Court or the DVI. The Court concludes that this factor is neutral.

### 4.  Convenience of the Parties

The Secretary points to the Plaintiff's choice of forum analysis, contending that any basis for argument that it may be more convenient to litigate in the DVI after Ms. Beberman chose to litigate the first part of the action for years in the D.C. Court has evaporated. Dkt. No. 16 at 14-15. Ms. Beberman contends that the convenience of the parties favors venue in the DVI. Dkt. No. 20 at 16-18. If the case were transferred, it would be more expensive or perhaps

not feasible for her to obtain counsel and to attend oral arguments in the D.C. Court, and her chosen counsel is barred only in the Virgin Islands. *Id.* In *Beberman DVI*, the Court considered significant the fact Ms. Beberman was able to be represented in the Virgin Islands, "given that she has only had partial successes acting pro se." *Id*. at 16. She also points out that the Secretary is represented by the U.S. Attorney's Office that has an office on St. Croix, again citing the *Beberman DVI* decision, and asserts that the Secretary has failed to prove with particularity why he would be inconvenienced by the choice of forum. *Id.* at 17.

On the one hand, the Court agrees with Ms. Beberman's argument that the Secretary did not explain, with particularity, why the DVI as a forum would be inconvenient for him. *See Jacobson v. Heuristics, Inc.*, 1990 WL 33926, at *1 (E.D. Pa. Mar. 23, 1990) ("A moving party must prove *with particularity* the reasons why it is inconvenienced by plaintiff's choice of forum."). The Secretary is represented by the U.S. Attorney's Office which has an office on St. Croix, and therefore he would be minimally inconvenienced by litigating there. On the other hand, Ms. Beberman's assertions of inconvenience (the expense of litigating this action in Washington, D.C. and the inconvenience of appearing pro se since her attorney in the V.I. is not barred in Washington, D.C.) ring somewhat hollow. What would have given more credence to her expense argument would have been a statement of how many times she had to travel to the D.C. Court over the past three years when she was living in the Virgin Islands and litigating *Beberman DC*. The fact she did not do so makes the argument speculative, because it is unknown whether she or her counsel would have to appear in person for whatever arguments the D.C. Court may schedule. And transferring the case to the D.C. Court

would not necessarily mean that her chosen DVI counsel (who had also represented her before the FSGB, Dkt. No. 20 at 16, located in Washington, D.C.) could not continue to represent her in a pro hac vice capacity. Accordingly, the Court considers this factor neutral.

### 5. Convenience of the Witnesses and Location of Books and Records

The Secretary notes that because Ms. Beberman's claims are based on an administrative record under the Administrative Procedure Act, the convenience of the witnesses and location of books and records factors play no role in the analysis. Dkt. No. 16 at 14-15. Ms. Beberman agrees. Dkt. No. 20 at 16, 18. These factors are therefore inapplicable.

### 6. Summary

The Plaintiff's choice of forum factor weighs very heavily in favor of transfer. The Defendant's preference factor favors transfer, the factors of where the claims arose and convenience of the parties are neutral, and the convenience of the witnesses and location of books and records factors are inapplicable. In sum, the private factors weigh substantially in favor of transfer.

### B. The Public Factors

The Secretary posits that the public factors strongly favor transferring the case to the D.C. Court because the public has an interest in judicial efficiency. Dkt. No. 16 at 15-16 (citing, inter alia, *Ewideh v. Homesite Ins. Co.,* No. 23-cv-2590, 2024 WL 493426, at *4 (E.D. Pa. Feb. 7, 2024) ("'Consideration of public factors under *Jumara* requires the [C]ourt to evaluate each forum and determine where the litigation can proceed in the most efficient and inexpensive fashion.'"). He applies this general approach to the second, fourth, and six public

factors (practical considerations that would make trial easy, expeditious or inexpensive; local interest in deciding local controversies at home; and familiarity of the trial judge with applicable state law in diversity cases) as those factors focus on efficiencies. *Id*. at 16. In addition, the public has an interest in avoiding the appearance of impropriety created by forum shopping. *Id*. He adds that many of the remaining public factors have no relevance to this case since it involves a federal claim against the Secretary of State in his official capacity (citing *Ewideh*, 2024 WL 493426, at *5 for the proposition that the first, fifth, and sixth public factors—enforceability of the judgment; public policies of the fora; and familiarity of trial judge with applicable state law in diversity cases—did not apply because the cause of action at issue arose under federal law). *Id*. at 16-17. As to the third factor, court congestion, each district faces congested dockets; the Secretary concludes that this factor is neutral. *Id.* at 17 (citing statistics showing average civil case in the D.C. Court resolved in 7.3 months in 2025, and average civil case in the DVI resolved in 10.3 months).

Ms. Beberman responds that the first public factor, enforceability of the judgment, is neutral. Dkt. No. 20 at 8. She asserts both that the second factor, practical considerations of where a trial would be easier, is inapplicable and also that, under these "unique" circumstances, it warrants denial of transfer given the "deliberate procedural choice" of the D.C. Court to "divest itself of this matter." *Id*. at 8-9. By closing the *Beberman DC* case, the D.C. Court signaled that it did not desire to review the FSGB's decision on remand, and therefore transferring this case to the D.C. Court now would disregard that decision. *Id*. at 9. The court congestion factor is neutral, *id.* at 9, as are the public policies of the fora and familiarity with

applicable state law, *id*. at 10. As to the local interest in deciding local controversies at home, the Virgin Islands has a "local interest in having its residents . . . be treated fairly." *Id.*

The Court agrees that the enforceability of the judgment and the judge's familiarity with applicable state law public factors are inapplicable. A judgment may be enforced in both venues, and there is no state law issue for the trial judge to focus on. As to the "local interest in deciding local controversies at home" factor, Ms. Beberman's argument that the Virgin Islands has a "local interest" in its residents being treated fairly omits a salient qualifier— that this factor speaks to *local* controverses. As Ms. Beberman acknowledges, this is not a local controversy; this factor is inapplicable. Neither the Secretary nor Ms. Beberman dwell on the public policies of the fora issue and the Court considers it neutral. The Secretary cites statistics showing that, on average, civil cases take three months longer to be brought to a conclusion in the DVI compared to the D.C. Court. Dkt. No. 16 at 17. He has thus provided grounds to conclude that the court congestion public factor weighs slightly in his favor.

The parties' disagreement on the public factors centers on the second prong: the practical considerations that could make the trial easy, expeditious, or inexpensive. In this regard, courts have concluded that where there is a related case with the same parties and many identical claims, "concerns of efficiency and expense weigh heavily in favor of transfer[.]" *Schlenker v. Immucor, Inc.,* No. 09-cv-4297, 2009 WL 5033972, at *4-5 (E.D. Pa. Dec. 22, 2009). At this point, the FSGB has addressed the issue remanded from the D.C. Court and the D.C. Circuit Court has dismissed Ms. Beberman's appeal of the D.C. Court's May 2025 decision for lack of jurisdiction. In doing so, the statements contained in the May 2025 Order

that the Order was final and directing the case be closed were implicitly ruled incorrect by the D.C. Circuit.[2] Thus, *Beberman DC*—now including the issue remanded to and resolved by the FSGB—is an active case, although stayed pending resolution of the instant Motion.

The immense waste of judicial resources that Ms. Beberman contemplates by having the DVI essentially start over to address the numerous issues she raises in a petition that is, in many respects, a copy of the *Beberman DC* petition that has already been addressed, ignores foundational principles in favor of transfer—to combat wastefulness and inefficiency, *Ewideh*, 2024 WL 493426, at *4–5, and to promote judicial economy, *In re CityMD Data Priv. Litig.* No. 24-cv-6972, 2025 WL 25055, at *9 (D.N.J. Sept. 2, 2025); *see also Wheeling-Pittsburgh Steel Corp.*, 1999 WL 111459, at *4 (practical considerations factor counseled in favor of transfer where plaintiff previously litigated claims regarding agency action in a different district, and courts in that district "will likely be familiar with the facts

---

[2] The May 12, 2025 Memorandum Opinion granted in part and denied in part the Secretary's Motion for Summary Judgment and remanded one issue to the Department of State for consideration. *Beberman v. Rubio*, 2025 WL 1369306, at *17. The Order accompanying the Opinion provided "This is a final, appealable order. The Clerk of Court is directed to close the case." Dkt. No. 54 in *Beberman DC*. On February 18, 2026, the D.C. Court of Appeals issued an Order granting the Secretary's motion to dismiss the appeal for lack of jurisdiction, given that district court orders remanding to an agency for further proceedings were not final and appealable. *Id.* (citing *Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656 (D.C. Cir. 2013)). Case law provides that such an approach "best serves the interests of judicial economy and efficiency" because it "avoids the prospect of entertaining two appeals, one from the order of remand and one from entry of a district court order reviewing the remanded proceedings." *In re St. Charles Preservation Investors, Ltd.,* 916 F.2d 727, 729 (D.C. Cir. 1990). This Court rejects Ms. Beberman's argument that, by closing *Beberman DC*, the D.C. Court signaled that it did not desire to review the FSGB's decision on remand, and therefore transfer to the D.C. Court now would disregard that court's decision to close the case. Dkt. No. 20 at 9. This is mere unsupported speculation where Ms. Beberman attempts to speak for the D.C. Court but only in a way that is consistent with her litigation goals.

*Beberman v. Sec'y of State Rubio*
1:25-cv-00041-RAM-EAH
Order Transferring Venue
Page 24

of the case. As a matter of judicial economy, such familiarity is highly desirable."); *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.,* No. 09-cv-2552, 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009) (the "presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of the parties and witnesses, would suggest the opposite.") (citation modified)). The Court agrees with the Secretary that the "practical considerations" public factor weighs in favor of transfer. Four public factors are not applicable and two weigh in favor of transfer. Therefore, the Court concludes that the public factors weigh in favor of transfer, and when combined with the private factors weighing heavily in favor of transfer, the Court will grant the Secretary's Motion.

### CONCLUSION

For the reasons set forth above, it is hereby **ORDERED:**

1. The Secretary's Motion to Transfer, Dkt. No. 16, is **GRANTED**, and this case is **TRANSFERRED** to the District Court for the District of Columbia.

2. The Secretary's Motion for an Extension, Dkt. No. 17, is **DENIED WITHOUT PREJUDICE**. The Secretary may file an appropriate Motion for an Extension of Time to respond to Ms. Beberman's Amended Petition in the District Court for the District of Columbia.

ENTER:

Dated: August 13, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE